STATE of Iowa ex rel. DEPARTMENT OF HUMAN SERVICES; Heidi Lynn Rippentrop, Mother, and Next Friend of Matthew Gregory Burt, A Child, Appellant,

v.

Roger E. BURT, Appellee.

No. 90–707.

Supreme Court of Iowa.

May 15, 1991.

Bonnie J. Campbell, Atty. Gen., Gordon Allen, Deputy Atty. Gen., and Robert R. Huibregtse, Asst. Atty. Gen., for appellant.

Rustin T. Davenport of DeVries & Price, Mason City, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

Heidi Rippentrop and Roger Burt are the parents of a son, Matthew Gregory Burt, who was born in December 1987. Heidi and Roger have never been married to each other. Matthew lives with Heidi, and he is the only child in her household.

Due to Heidi's receipt of public assistance, the State filed a petition against Roger under Iowa Code chapter 252A seeking a determination of paternity and an award of child support. Roger acknowledged paternity, and the case was tried solely on the issue of support. The parties stipulated that the Iowa supreme court's child support guidelines apply to this case, although Roger asked the district court to depart from the guidelines.

The district court found that Roger has net employment income of $915 per month, that he has personal living expenses of around $685 per month, and that those expenses are reasonable. The district court also found that Heidi is not employed and has essentially no income other than public assistance. In this factual situation, and without any modification for health insurance, the Iowa supreme court's child support guidelines would call for Roger to pay 25.6% of his net monthly income as child support. However, the district court chose to depart from the guidelines, observing that a support award set at the guideline level would not permit Roger to meet his reasonable personal expenses. Instead, the court directed Roger to pay $150 per month for current support and $20 per month to be applied toward his accrued obligation for public assistance advanced in the past.

The State, as petitioner, has appealed from the district court's order. The State contends this is not an appropriate case in which to depart from the Iowa supreme court's child support guidelines. The State also contends Roger should have been required to add the child to Roger's existing health insurance coverage.

Iowa Code section 598.21(4) permits variation from the guidelines only upon "a record or written finding, based on stated reasons, that the guidelines would be unjust or inappropriate as determined under the criteria prescribed by the supreme court." The guidelines themselves authorize variation "if the court finds such adjustment necessary to provide for the needs of the children and to do justice between the parties under the special circumstances of the case."

■ Upon our de novo review we accept the district court's factual findings about the parties' relative financial situations, and in particular about Roger's net income and reasonable monthly expenses. Nonetheless, we believe the district court erred by concluding that this is an appropriate case for variation from the guidelines. There is no showing that the support figure determined under the guidelines will impose a substantial injustice on Roger. In establishing the guidelines, the court undertook to balance the needs of children against the legitimate needs and expenses of the payor parent. In other words, the guidelines already take into account the reasonable living expenses of the noncustodial parent, the very subject which prompted the district court to depart from the guidelines. In the absence of special circumstances, the reasonable living expenses of the noncustodial parent do not provide a ground for departing from the guidelines.

In the present case no special circumstances have been shown or even claimed.

We believe Roger's child support obligation should be set at the figure determined under the guidelines, as computed below.

We direct Roger to add the child to Roger's existing health insurance coverage. The record shows that this will cost Roger $45 per month. Accordingly, as authorized by the guidelines, Roger's net monthly income for the purpose of computing child support is reduced from $915 per month to $870 per month. Under these facts the guidelines call for child support of 25.3% of the net monthly income, or $220 per month.

█ In addition to this figure for current support, we also direct Roger to pay an additional $20 per month to be applied toward his accrued obligation for public assistance advanced in the past. We note that this is not a "prior obligation of child support ... actually paid pursuant to court or administrative order" and is therefore not deductible from gross income in determining net income under subparagraph nine on page two of the guidelines.

In sum, Roger is to pay current child support of $220 per month. He is also to pay an additional $20 per month to be applied toward his accrued obligation for public assistance advanced in the past. Finally, he is to add the child to his existing health insurance coverage.

REVERSED AND REMANDED.