**In re The MARRIAGE OF Owen James GOLAY and Brenda Lee Golay.**

**Upon the Petition of Owen James Golay, Appellant,**

**And Concerning Brenda Lee Golay, Appellee.**

**No. 92–620.**

Court of Appeals of Iowa.

Nov. 30, 1992.

Steven W. Guiter of Johnston, Hicks, Guiter & Griffith, Knoxville, for appellant.

Thomas J. McCann of Peddicord, Wharton, Thune & Spencer, P.C., Des Moines, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

## FACTS

Brenda and Owen Golay were married on August 7, 1976, and remained together until March 1991. They are the parents of two minor children: Carmen, born September 27, 1979; and Lance, born October 26, 1989. At the time of trial, Brenda was thirty-three years old, and Owen was thirty-four. Brenda currently resides in a duplex in northeast Des Moines. Owen currently resides in the parties' former farm home in Pleasantville, Iowa, with his girlfriend and her young child.

In 1991, Brenda worked approximately six months at a vending service. However, she quit because of a back injury. Later that year, she obtained a job at the Tiny Tots Day Care Center in Des Moines,

where she currently works. She has net monthly income of $829.00.

In 1991, Owen worked at the Bill Clark Oil Company, Callison Oil, and Hunt's Standard Station and had a gross annual income of approximately $17,000.00. At the time of trial, Owen was working for Bill Clark Oil. Owen listed his net monthly income as $858.00.

In May 1991, Owen filed a petition for dissolution of marriage. In his petition, Owen sought joint legal custody of the two children with physical custody of Carmen to himself and physical custody of Lance to Brenda. Brenda sought physical custody of both children. Later, Owen amended his petition and sought custody of both children. The case proceeded to trial.

The district court determined both Owen and Brenda were fit parents. However, the court decided Brenda should have primary physical care of the two children. It also ruled Owen improperly deducted a business associated car expense from his gross income. Consequently, the district court raised Owen's net income from $858.00 per month to $1200.00 per month. Utilizing the higher net income, it set Owen's child support obligations at $376.00 per month. In addition, it required Owen to pay $116.00 per month for health insurance for the children. The district court divided the parties' debts as proposed, except it ordered Owen to assume responsibility for the following debts: (1) unpaid property taxes, (2) an Amoco Oil charge card debt, (3) a debt to Magic Muffler, and (4) a debt to Norwest Bank for a truck.

Owen appeals. We affirm as modified.

## SCOPE OF REVIEW

Our review in cases such as these is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.* Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before

us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

## ANALYSIS

### I. *Custody.*

Owen argues he should be awarded primary physical care of the parties' two children.

In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3), in *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983), and in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich*, 367 N.W.2d 297, 299 (Iowa App.1985).

The district court found both parties were fit parents. However, it determined it was in the children's best interest for Brenda to be awarded primary physical care. It listed the ability of Brenda to offer Carmen an environment where she had family and friends nearby and Owen's living arrangement with another woman as reasons for its decision. After reviewing the record de novo, we agree with the district court. We find it is in the children's best interest for Brenda to have primary physical care. The parties are granted joint legal custody of the children and Brenda is awarded primary physical care. Owen is entitled to visitation rights pursuant to the district court's decree. We affirm the district court on this issue.

### II. *Child Support and Health Insurance.*

Owen argues the district court incorrectly determined the parties' net incomes for

purposes of calculating child support. He also argues the district court should have considered his business expense for mileage when determining his net income. He further argues the district court improperly ordered him to pay Brenda for health insurance for the children.

■ It is well established that parents have a legal obligation to support their children. *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein*, 359 N.W.2d 500, 504 (Iowa App.1984). Each parent's ability to contribute must be determined using the child support guidelines adopted by the Iowa Supreme Court. *See In re Marriage of Powell*, 474 N.W.2d 531, 533 (Iowa 1991). There is a rebuttable presumption that the amount of child support which would result from the application of the guidelines is correct. *Id.*

The child support guidelines define "net monthly income" as gross monthly income less the following deductions:

(1) Federal income tax (properly calculated withholding or estimated payments);

(2) State income tax (properly calculated withholding or estimated payments);

(3) Social security deductions;

(4) Mandatory pension deductions;

(5) Union dues;

(6) Dependent health insurance coverage either deducted from wages or paid for dependent medical insurance pursuant to court order;

(7) Actual medical support paid pursuant to court order or administrative order;

(8) Unreimbursed individual health/hospitalization coverage or medical expense deductions not to exceed $25.00 a month;

(9) Prior obligation of child support and spouse support actually paid pursuant to court or administrative order; and

(10) Actual child care expense while custodial parent is employed, less the appropriate income tax credit.

Owen sought to deduct the following business expenses from his gross income:

| | |
|---|---|
| $8853.63 | mileage expense |
| 180.00 | depreciation |
| 114.60 | postage |
| 650.53 | office expenses |
| 63.37 | fork lift repair |
| 90.60 | promotion |
| $9952.73 | Total business deductions |

The district court determined Owen's net monthly income for child support purposes was $1,200.00. We note the following findings of the district court:

[H]e [Owen] claims certain business deductions. The court has no problem with the depreciation he claims, the postage, office supplies and repairs, the promotional money spent for hats and so forth; but it does have a problem with the bulk of that business expense which is car expense. The car expense claimed is based on the miles traveled × 27.5 cents. The court finds that may be alright for federal tax purposes but the evidence here is that the vehicles which the Petitioner has are depreciated out and that his employer furnishes his gas and oil. The court finds no other evidence of what is [sic] car expense is. Therefore, the car expense is not being allowed. The car expense is therefore added back in the amount of $737.00 per month and therefore resulting in the Petitioner having a net monthly income of $1,200.00.

■ The district court used Owen's gross yearly income of $17,000.00 less business deductions and then divided the yearly net income by 12 to arrive at the net monthly income figure. The district court calculated Owen's net income as follows:

| | |
|---|---|
| $17,000.00 | 1991 gross income less: |
| 1,078.00 | self employment tax |
| 225.00 | federal tax |
| 189.00 | state tax |
| 180.00 | depreciation on storage building |
| 115.00 | postage |
| 651.00 | office expenses |
| 63.00 | fork lift repair |
| 91.00 | promotion |
| $14,408.00 | 1991 net income |
| $14,408.00 /12 = | $1,200.00 monthly net income |

We agree with the district court's disallowance for the mileage expense. Al-

though mileage for business purposes may be deductible for tax purposes, we are unable to conclude the mileage should be allowed under the present circumstances when calculating Owen's net income to determine his child support obligation. It cannot go unnoticed that Owen's employer furnished him gas and oil for his vehicle.[1]

■ The appellant directs to our attention the district court did not allow as a deduction $1392.00 ($116.00 per month × 12) for dependent medical insurance pursuant to court order from gross income in computing Owen's net income. We agree this is a valid deduction. The child support guidelines specifically provide, in subparagraph (6), this amount is to be deducted from gross income in computing net income for child support purposes. Therefore, we reduce the amount of $14,408.00 by $1392.00 to arrive at an annual net income of $13,016.00. Owen's monthly net income is $1084.66, rounded to $1085.00.

■ Owen argues Brenda's financial statement contains some mathematical errors which the district court relied upon in calculating her monthly net income. After reviewing the record, we recalculate Brenda's net income. She has a gross monthly income of $1204.00. We reduce $1204.00 by $281.50 ($74.64 for FICA; $165.09 for federal taxes; and $41.77 for state taxes) to arrive at a net monthly income of $922.50. We note the district court did not allow Brenda to deduct $116.00 for medical insurance that was paid to her by Owen under court order for dependent insurance. We agree with the district court's treatment of this amount. We assume the $13.00 monthly dental premium is for the benefit of the dependent children, and since that amount is not included in the $116.00 figure, we allow that as a deduction from Brenda's gross income leaving a net monthly income for guideline purposes of $909.50, rounded to $910.00.

Applying the guidelines to the parties' net incomes, we find Owen shall pay $333.00 ($1085.00 × 30.7%) each month in child support. Additionally, Owen shall pay $116.00 per month toward health insurance for the children and one-half of the non-reimbursed medical expenses as ordered by the district court. We affirm the district court as modified on this issue.

### III. *Property Distribution.*

Owen argues the district court's distribution of the parties' debts was inequitable. He maintains the district court should have distributed the debts in accordance with his proposed distribution. We disagree.

We find the value placed on the assets by the trial court to be well within the permissible range of evidence and will not disturb them on appeal. *See In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984). We affirm the district court on this issue.

### CONCLUSION

After considering all issues presented, we affirm the district court as modified.

Costs of this appeal shall be divided by the parties: three-fourths of the costs shall be taxed to the appellant; one-fourth of the costs shall be taxed to the appellee.

**AFFIRMED AS MODIFIED.**

---

1. We reject the appellant's suggestion that if the mileage expense is not allowed as a deduction in computing net income that the amounts deducted for self-employment, federal, and state taxes should be increased for his tax liability increases. In this respect, the mileage expense is taken as a deduction for state and federal income tax purposes. But his spendable or net income in so far as calculations for child support purposes is not effected.