**STATE of Iowa ex rel. Crystal DAVIS, A Minor, by Martha EDDINS, Mother and Next Friend, Appellee,**

*v.*

**Rodney Roger BEMER, Appellant.**

**No. 92–839.**

Supreme Court of Iowa.

March 24, 1993.

private schools, were also parental reporting requirements.

Leslie E. Stokke, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Sp. Asst. Atty. Gen., and Kay Delafield, Asst. Atty. Gen., for appellee.

Considered by LARSON, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

This case raises the issue of whether the amount paid on a delinquent support obligation in which the children are emancipated is deductible from gross income as "a prior obligation of child support actually paid pursuant to a court order" for purposes of determining a current child support obligation under our child support guidelines. *See* Uniform Child Support Guidelines.

Martha Eddins and Rodney Bemer are the parents of a daughter born in 1977. Martha and Rodney were never married. Martha has received benefits from the State of Iowa. On September 26, 1991, the Linn County Friend of Court filed an action on behalf of Martha pursuant to the Iowa Uniform Support of Dependents Law, Iowa Code ch. 252A. At the hearing, Rodney admitted paternity.

The district court found that Rodney earned $1507.72 per month as an employee at Abell–Howe Company. Martha was employed at Ashley's Restaurant and earned $593.64 per month. After taking the standard deductions for federal and state taxes, social security, Medicare, and union dues, the district court ordered Rodney to pay $364.86 per month to Martha for child support and to obtain employment-related health insurance. At that time, Rodney was also under a mandatory wage assignment of $37.50 per week for arrearages under a prior support obligation. The district court did not deduct this amount from Rodney's gross income when calculating the amount of child support to be paid to Martha. Rodney has appealed.

Rodney argues that pursuant to the Uniform Child Support Guidelines, he was entitled to have the $37.50 deducted from his gross wages before the district court calculated his support obligation to Martha. Rodney urges that, if an order for mandatory withholding is still in effect for any arrearages on said support, then it should be utilized as a deduction to arrive at net monthly income for determination of child support. The State argues that pursuant to this court's language in *State ex rel. Department of Human Services v. Burt*, 469 N.W.2d 669 (Iowa 1991), Rodney's mandatory wage assignment is not actually support paid pursuant to a court order, due to the delinquency. The State maintains that to allow a deduction in the present case would allow Rodney to benefit from his failure to pay support as ordered in the prior case.

Pursuant to the child support guidelines adopted December 31, 1990, the district court, in determining net monthly income, shall deduct from gross wages a prior obligation of child support and spousal support actually paid pursuant to a court order. In *Burt*, the district court had ordered Burt to pay $150 per month for current support and $20 per month to be applied towards his accrued obligation for public assistance advanced in the past. *Id.* at 670. The district court chose to depart from the guidelines on the grounds that to follow the guidelines would work an unnecessary hardship on Burt. *Id.* at 670. In reversing the district court's award, the *Burt* court held that the twenty dollars per month to be applied to his accrued obligation for public assistance advanced was not a prior obligation of child support actually paid pursuant to a court order, and was therefore not deductible from gross income in determining net income. *Id.* at 671.

We believe *Burt* clearly provides that payments made for arrearages in child support are not to be deducted from gross income when determining net income. We do not believe it makes any difference whether the payments are for an obligation

from a prior case or whether the children are emancipated. The judgment of the district court is therefore affirmed.

**AFFIRMED.**