STATE of Iowa ex rel., Amanda
M. WEBER, Appellee,

v.

Mark DENNISTON, Appellant.

No. 92–627.

Supreme Court of Iowa.

April 21, 1993.

Matthew G. McQuillen of Remley, Willems & McQuillen, Anamosa, for appellant.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Sp. Asst. Atty. Gen., and Kay Delafield, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

PER CURIAM.

The main issue presented in this case is whether the State must prove a substantial change of circumstances when it files a petition for review and adjustment of child support as set forth in Iowa Code section 252B.5(7) (1991). *See* Iowa Code § 598.-21(9) (1991). We conclude the State need not prove a substantial change of circumstances and respondent's additional issues are without merit. We affirm.

Catherine Weber and Mark Denniston are the parents of Amanda Weber, born on June 17, 1984. Denniston and Weber never married. Denniston has acknowledged paternity of Amanda. On February 3, 1986, the district court ordered Denniston to pay child support in the amount of fifty dollars per week, pursuant to chapter 252A of the Iowa Code.

The State subsequently filed a petition for review and adjustment of Denniston's child support obligation pursuant to Iowa Code section 252B.5(7) (1991) and 441 Iowa Admin.Code 98.51–60. On January 8, 1992, a hearing commenced on the petition. Denniston testified that he has been married since 1985 and has three children. Denniston's gross income in 1985 was $18,795 and his wife's gross income was $21,311. In 1990, Denniston's gross income was approximately $24,066 and his wife's was approximately $21,795. Denniston joined the National Guard in 1987 and currently earns approximately $3692 per year from the Guard. Weber testified that in 1986 she was working part-time, earning $3.85 per hour. She also received state and federal assistance. Weber testified that she is currently working thirty-five hours per week earning approximately $6.42 per hour.

The district court determined it was unnecessary for the State to prove a substantial change of circumstances in order to modify the previous child support obligation because services had been provided pursuant to chapter 252B of the Iowa Code. *See* Iowa Code § 598.21(9). The district court found that Denniston failed to show sufficient circumstances to warrant a deviation from the child support guidelines. The district court included Denniston's National Guard income in determining his net

monthly income to be $1675. The district court found Weber's net monthly income to be $760. Based upon these findings, the district court ordered Denniston to pay the sum of $394 per month child support.

Denniston has appealed.

### I. *Scope of Review.*

Petition for review and adjustment of a child support obligation shall proceed as an ordinary civil action in equity. 441 Iowa Admin.Code 98.55(2). The court's review of an action in equity is de novo. Iowa R.App.P. 4.

### II. *Analysis.*

■ Denniston argues that Iowa Code section 598.21(8) is the exclusive authority for allowing a modification of a previously entered child support order, and it clearly provides that a modification of a child support order entered under section 598.21 may be made only when there is a substantial change of circumstances. Denniston concedes that Iowa Code section 598.21(9) creates a presumption that eliminates the requirements of Iowa Code section 598.-21(8). Denniston responds that the reason the original support order deviated from the guidelines was that the guidelines had not been adopted. Therefore, Denniston argues that the presumption does not apply, and the State must prove a substantial change of circumstances.

The State points to 42 U.S.C. § 666(a)(10)(B) (1991), the Family Support Act of 1988 and argues that there is no requirement that a change of circumstances be shown when child support deviates from the guidelines. In addition, the State points to Iowa Code sections 252B.5(7) and 598.21(9) and argues that neither statute requires a change of circumstances prior to modification of child support.

Iowa Code section 598.21(9) states:
Notwithstanding subsection 8, a substantial change of circumstances exists when the court order for child support deviates from the child support guidelines established pursuant to section 598.21, subsection 4 for a reason other than that stated

in the original order, unless the provisions of the guidelines themselves have changed since the entry or subsequent modification of the original order. Upon application for a modification of an order for support where services are being received pursuant to chapter 252B, the courts shall act in accordance with section 598.21, subsection 4.

We conclude there is no statutory authority that requires the State to prove a substantial change of circumstances in a petition for review and adjustment of child support. In addition, when addressing a similar situation under chapter 252A of the Iowa Code, we held that the department should not be required to prove the circumstances underlying the prior award, nor any change of circumstances. *State ex rel. Blakeman v. Blakeman,* 337 N.W.2d 199, 203–04 (Iowa 1983). In *Blakeman,* the Department of Human Services brought an action under chapter 252A seeking reimbursement for public assistance furnished and continuing assistance. We reasoned that it would be difficult for the State to show a change in circumstance because the State was not an original party to the dissolution decree. This reasoning is applicable here.

■ The second issue is whether the district court erred in including Denniston's National Guard income in calculating his gross income. In 1987, Denniston voluntarily enlisted in the National Guard. His enlistment is scheduled to expire in 1994. Denniston earns approximately $3692 per year from the National Guard. He argues that his National Guard income is similar to overtime, and it should not be included to determine his gross income. We have stated that overtime wages are within the definition of gross income to be used in calculating net monthly income for the purposes of child support. *In re Marriage of Brown,* 487 N.W.2d 331, 333 (Iowa 1992). The court of appeals stated that income that is entirely speculative in nature, and over which one has little control, must not be factored into the parent's support obligation. *In re Marriage of Heinemann,* 309 N.W.2d 151, 152 (Iowa App.1981). Denniston's National Guard income is steady, not speculative and voluntary.

*Brown,* 487 N.W.2d at 334. We agree with the district court that Denniston's National Guard income should be included in determining his net monthly income for the purposes of child support.

■ Finally, Denniston contends the district court erred in failing to deviate from the child support guidelines in establishing his child support obligation. Denniston argues that an increase in child support would burden his current family. Ordinarily, the mere fact that a child support obligor's actual living expenses make it burdensome to pay support at the guideline level is not a sufficient cause for deviating from the guidelines. *State ex rel. Dep't of Human Servs. v. Burt,* 469 N.W.2d 669, 670 (Iowa 1991). The guidelines already take into account the reasonable living expenses of the noncustodial parent. *Id.* In the absence of special circumstances, the reasonable living expenses of the noncustodial parent do not provide a ground for departing from the guidelines. *Id.* We agree that Denniston failed to show sufficient circumstances to warrant deviation from the child support guidelines.

Consequently, we affirm the district court's order modifying Denniston's child support obligation.

**AFFIRMED.**