**IN THE COURT OF APPEALS OF IOWA**

No. 14-1214
Filed February 11, 2015


**IN RE THE MARRIAGE OF TAMARA HELEN SCEARCY
AND ROBERT CHARLES SCEARCY**

**Upon the Petition of
TAMARA HELEN SCEARCY,**
        Petitioner-Appellee,

**And Concerning
ROBERT CHARLES SCEARCY,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Keokuk County, Randy DeGeest,

Judge.


        A father appeals the district court's ruling on an application to extend child

support.  **REVERSED.**


        Nicholas T. Maxwell of Harrison, Moreland, Webber & Simplot, P.C.,

Ottumwa, for appellant.

        Lucas C. Helling of Foss, Kuiken, Cochran, P.C., Fairfield, for appellee.


        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Robert and Tamara were divorced in 2003. The dissolution decree required Robert to pay child support:

> [O]n the 15th day of each month thereafter until the oldest child reaches 18, graduates from high school, or is otherwise emancipated. The obligation shall include support for a child who is between the ages of 18 and 19 who is engaged full time in completing high school graduation or equivalency requirements in a manner which is reasonably expected to result in completion of the requirements prior to the child reaching 19 years of age.

On August 28, 2009, the Keokuk County District Court filed an Iowa Code chapter 252H (2009) order adjusting the amount of monthly child support Robert was required to pay. The order did not affect the termination date of the support.

The parties' youngest child turned eighteen in April 2014. At that time, the child support recovery unit stopped enforcing Robert's child support obligation. Tamara filed an application to extend the child support obligation on May 5, 2014. Robert resisted the motion. The district court held a hearing on the matter on June 27, 2014.

At the hearing, Tamara testified the parties' son had attended high school from fall 2011 through spring 2014. During that time, he had obtained sixteen credits toward the fifty required for graduation. Tamara further testified the parties' son would graduate in May 2015, approximately one month after he turned nineteen. The son also testified at the hearing. He admitted he had only completed sixteen credits through three years of high school and he did not expect to graduate until May 2015, after he turned nineteen.

The same day, the district court filed a written ruling on the motion. It stated, in part:

> The Court finds the child is presently enrolled full-time in the Perkin Community School District, and it is reasonably possible for him to attain the necessary credit to graduate on or before his 19th birthday. It is therefore ordered that child support shall continue from April 15, 2014, through April 15, 2015, so long as the child remains fully enrolled and attending high school or its equivalent and is working towards his degree.

On July 10, 2014, Robert filed a motion to amend or enlarge the ruling of the district court. Robert contended the testimony presented at the hearing did not support the court's finding it was "reasonably possible" for the parties' son to complete high school before he turned nineteen.

On July 25, 2014, the district court denied Robert's motion to amend or enlarge. Robert appeals.

**I. Standard of Review.**

A petition for review and adjustment of a child support obligation is heard as an ordinary civil action in equity. *State v. ex rel. Weber v. Dennison*, 498 N.W.2d 689, 690 (Iowa 1993). Thus, our review of an action in equity is de novo. Iowa R. App. P. 6.907.

**II. Discussion.**

Robert maintains the substantial evidence does not support the district court's factual finding that it is "reasonably possible" the parties' son will graduate high school by the time he turns nineteen years old. We agree. Both the son and Tamara testified that the son anticipates graduating in May 2015, approximately one month after he turns nineteen.

On appeal, Tamara maintains public policy requires Robert to continue paying child support until the parties' son graduates. She also maintains that, at the time the decree was entered into, the parties intended for Robert to maintain

the payment of child support as long as one of the children was in high school. Neither of these arguments supports modification under Iowa Code section 598.21C (2013). Additionally, the district court did not rule on these arguments, and they are not preserved for our review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Because the parties' son will not graduate high school before he turns nineteen, upon our de novo review, we reverse the district court's ruling requiring Robert to pay child support through May 2015.

**REVERSED.**