# IN THE COURT OF APPEALS OF IOWA

No. 17-0830
Filed May 2, 2018

IN RE THE MARRIAGE OF TIMOTHY NORBERT KOELLNER
AND LESA PAULINE KOELLNER

Upon the Petition of
TIMOTHY NORBERT KOELLNER,
        Petitioner-Appellant,

And Concerning
LESA PAULINE KOELLNER,
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Van Buren County, John G. Linn,

Judge.

        Timothy Koellner appeals the child-support provision of the decree

dissolving his marriage to Lesa Koellner. **AFFIRMED.**

        Gregory G. Milani of Orsborn Milani Mitchell Goedken Larson & Cox, LLP,

Ottumwa, for appellant.

        Cynthia D. Hucks of Box & Box, Ottumwa, for appellee.

        Considered by Danilson, C.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Timothy Koellner appeals the child-support provision of the decree dissolving his marriage to Lesa Koellner. Timothy generally argues the district court erred in calculating his income and, therefore, his child-support obligation. Lesa requests an award of appellate attorney fees.

The parties were married in 2011 and their relationship produced three children, born in 2007, 2013, and 2014. In January 2016, Timothy filed a petition for dissolution of marriage. The parties entered into a stipulation and settlement agreement resolving all issues except child support. Among other things, the parties agreed to joint legal custody with Lesa being granted physical care of the children, and to a schedule alternating their annual entitlement to claim the children as tax dependents, with Lesa claiming two of the children and Timothy one, and then Timothy claiming two of the children and Lesa one.[1] The district court entered orders approving and adopting the agreement and setting a hearing concerning the issue of child support.

The parties submitted the matter upon exhibits, affidavits, child-support-guidelines worksheets, and limited testimony. In its ruling, the district court stated "it must consider the earning capacity of both parties" and determined Timothy's income to be $34,000.00 per year and Lesa's $8000.00 per year. The court then calculated Timothy's child-support obligation based on the determined incomes and the parties' prior stipulations. Based on its calculations, the court ordered

---

[1] Under the agreement, Lesa is entitled to claim the middle child every year, Timothy is entitled to claim the youngest child every year, and they would alternate claiming the oldest child. When only one child remains as an eligible dependent, the parties are to alternate claiming that child.

Timothy to pay Lesa monthly child support in the amount of $758.00 so long as all three children are eligible, $662.00 so long as two children are eligible, and $485.60 so long as one child is eligible.

As noted, Timothy appeals. Our review is de novo. *See In re Marriage of Hansen*, 886 N.W.2d 868 (Iowa Ct. App. 2016). We will disturb the district court's ruling only if there has been a failure to do equity. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013).

On appeal, Timothy grasps the district court's imputation and earning-capacity language and complains of the court's determination of his annual income, asserting the "court imputed income to [him] that was $13,500 per year more than his actual income." He asserts the court used his earning capacity rather than his actual income and claims the grounds for doing so were not supported by sufficient evidence.[2] Neither party complains of the court's determination of Lesa's income nor the way the court calculated Timothy's child-support obligations based on its income determinations.

At the April 2017 hearing, Timothy submitted an affidavit in which he reported his W-2 wages for 2016 were $20,500.00. The attached W-2 form provided by Timothy's employer, Koellner Brothers Ltd., notes his "previously reported" income was $33,449.20 but his "corrected" income was $20,500.00. Timothy also reported he receives the benefit of free housing from his employer

---

[2] *See* Iowa Ct. Rs. 9.5(10) ("To determine gross income, the court shall not impute income under rule 9.11 except: [(a)] [p]ursuant to agreement of the parties, or [(b)] [u]pon request of a party, and a written determination is made by the court under rule 9.11."); 9.11(4) ("The court shall not use earning capacity rather than actual earnings or otherwise impute income unless a written determination is made that, if actual earnings were used, substantial injustice would occur or adjustments would be necessary to provide for the needs of the child(ren) or to do justice between the parties.").

and estimated the value of such benefit to be $350.00 per month, or $4200.00 per year. He therefore represented his income for child-support-calculation purposes amounted to $24,700.00 per year.

Lesa presented the court with an affidavit Timothy submitted in a separate custody matter involving a child he fathered with another woman; this affidavit was executed approximately one month before the child-support hearing in the instant case. Therein, Timothy reported his income to be $33,449.00. Both of Timothy's affidavits indicate that his employer pays for Timothy's health insurance at no cost to Timothy. In his affidavit in the separate custody action, Timothy stated his income to be $33,449.00 and stated his "employer provided health insurance cost is approximately $12,000." In reaching his gross income, Timothy appears to have taken his gross income for 2016 of $33,449.00, less the "approximately $12,000" for health insurance that he receives at no cost, thus landing him in the ballpark of $20,500.00 for child-support purposes.

When calculating a parent's income for child-support purposes, parents are often allowed a dependent health insurance deduction for coverage costs either deducted from wages or otherwise paid for by the parent. *See, e.g.*, *In re Marriage of Nelson*, 570 N.W.2d 103, 106 (Iowa 1997); *State ex rel. Dep't of Human Servs. v. Burt*, 469 N.W.2d 669 (Iowa 1991); *In re Marriage of Golay*, 495 N.W.2d 123, 127 (Iowa Ct. App. 1992). In this case, however, the record reveals Timothy's employer pays for his insurance for himself and the children at no cost to Timothy. Although Timothy's tax filings indicate he claims a deduction for health-insurance premiums, no evidence was presented at the hearing that the cost for those premiums is a component part of Timothy's wages for working for his family-owned

farming business. Timothy's language in the affidavit in the other custody case is telling—he states his "income from Koellner Brothers to be $33,449" and provides his "employer provided health insurance cost is approximately $12,000," but he does not state the latter figure is a part of the former. Based on the evidence, Timothy is therefore mistaken that his actual income for child-support-calculation purposes is $33,449.00 less the cost of his employer-provided health insurance. Also lacking in the record is a breakdown of what portion of this cost is attributable to the children's coverage only. The record therefore reflects that Timothy's wage income is $33,449.00. Timothy also stipulated below, and on appeal, that he should be attributed with an additional $4200.00 in annual income for his employer-provided housing. This brings his income for child-support-calculation purposes to $37,469.00, which is in excess of the figure the district court used ($34,000.00). Upon our de novo review of the sole issue presented, we are unable to say the district court's ruling failed to do equity for Timothy. In any event, we find that, had we approved and applied the figures Timothy requests, his resulting child-support obligation would be insufficient to provide for the needs of these three children, two of whom have special needs, and an upward adjustment would therefore be appropriate. *See* Iowa Ct. R. 9.11(2). We affirm the child-support provision of the decree.

Lesa requests an award of appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). In determining whether to award attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the

request was obligated to defend the district court's decision on appeal. *Id.* In consideration of these factors, we order Timothy to pay Lesa appellate attorney fees in the amount of $1000.00. Costs on appeal are assessed to Timothy.

**AFFIRMED.**