# IN THE COURT OF APPEALS OF IOWA

No. 17-1222
Filed June 6, 2018

IN RE THE MARRIAGE OF ASHLEY IRENE MAY SIMMONS
AND BRUCE WAYNE SIMMONS

Upon the Petition of
ASHLEY IRENE MAY SIMMONS,
    Petitioner-Appellee,

And Concerning
BRUCE WAYNE SIMMONS,
    Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Union County, Dustria A. Relph,

Judge.


        Father challenges child support provisions of a modification decree.

**AFFIRMED.**


        Judith M. O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP, Charles

City, for appellant.

        Ashley Irene May Simmons, Creston, pro se appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Bruce Simmons appeals from a modification decree increasing his child support obligation. The record reflects Bruce and Ashley Simmons divorced in 2009. Bruce was originally ordered to pay $615 per month in child support for the parties' two children. After a series of modification actions, Bruce's support obligation was reduced to $450 per month. Bruce has three adult children from a prior marriage. Although he does not have an ongoing child support obligation for these children, he was ordered to pay $474 per month in delinquent child support. Ashley filed for the present modification action in January 2016. The matter was tried to the district court on stipulated facts on the following issue: "what, if any, credit should be given against Bruce Wayne Simmons' income . . . for back support owed for his children from his first marriage." The district court found Bruce was not entitled to any reduction in his child support obligation based on payments owed to his first wife for delinquent child support. The district court ordered Bruce pay child support in the amount of $710.21 per month plus $150.00 per month for cash medical support.

We review the decision to modify a dissolution decree de novo. *See In re Marriage of Mihm*, 842 N.W.2d 378, 381 (Iowa 2014). Still, "[w]e will not disturb a district court's ruling on a modification unless that ruling failed to do equity." *Id.* To the extent Bruce challenges the district court's interpretation of a statute, our review is for correction of errors at law. *See Branstad v. State ex rel. Nat. Res. Comm'n*, 871 N.W.2d 291, 294 (Iowa 2015). Bruce raises three challenges to the modification decree, which we address in turn.

Bruce argues the district court erred in concluding the amount paid for delinquent support should not be used as a deduction in determining his net monthly income. We disagree. Iowa Court Rule 9.5 provides, "In the guidelines the term 'net monthly income' means gross monthly income less deductions for the following: . . . (8) Prior obligation of child support and spouse support actually paid pursuant to court or administrative order." Iowa Ct. R. 9.5(8). In interpreting this rule, our supreme court has unambiguously concluded "payments made for arrearages in child support are not to be deducted from gross income when determining net income. We do not believe it makes any difference whether the payments are for an obligation from a prior case." *State ex rel. Davis by Eddins v. Bemer*, 497 N.W.2d 881, 882–83 (Iowa 1993); *see also State ex rel. Nielsen v. Nielsen*, 521 N.W.2d 735, 737 (Iowa 1994). While Bruce contends the reasoning in the case law is flawed, "[w]e are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). The district court did not err in calculating Bruce's net monthly income.

Bruce next argues federal law limits the total amount of child support a party must pay. He relies on Title 15, section 1673(b)(2) (2016) of the United States Code. That provision provides that:

> The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—
>
> (A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
> (B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

15 U.S.C. § 1673(b)(2).

Bruce's construction of this provision of misplaced. While wage-withholding orders to collect child support are garnishments within the meaning of the federal code, *see Koethe v. Johnson*, 328 N.W.2d 293, 298 (Iowa 1982), the code limits only the amount of disposable income subject to garnishment. While federal law may statutorily cap the amount of disposable income subject to garnishment, it does not limit the amount of the support obligation itself. *See Mitchell v. Mitchell*, 370 P.3d 1070, 1081 (Alaska 2016) ("Similarly, the relevant section of the federal Consumer Credit Protection Act deals exclusively with wage garnishment and has no bearing on the amount of child support that may be awarded by a court."); *Hamilton v. Hamilton*, 914 N.E.2d 747, 755 (Ind. 2009) ("We agree with the Court of Appeals that the FCCPA limits the amount of a person's wages that may be assigned but does not limit the overall amount of support that a parent may owe."); *Frankel v. Frankel*, 886 A.2d 136, 155 (Md. Ct. Spec. App. 2005) ("The Act limits only the amount that a court can order from garnished wages. It does not limit the amount that a court can order for child support."); *Arthur v. Arthur*, 720 N.E.2d 176, 184–85 (Ohio Ct. App. 1998) ("The withholding limits imposed by . . . Section 1673(b), Title 15, U.S. Code do not impose limitations on a trial court's ability to order support in excess of those limits, but only restricts [sic] the trial court's ability

to order wage withholdings beyond those limits."). The district court did not err in rejecting Bruce's argument.

Finally, Bruce claims a deviation from the child support guidelines is necessary in this case to avoid substantial injustice due to his significant monthly payments for back support. "Our legislature has established a rebuttable presumption that our child support guidelines yield the proper amount of monthly support." *In re Marriage of McDermott*, 827 N.W.2d 671, 684 (Iowa 2013). "The court may not deviate from the amount of the child support yielded by the guidelines 'without a written finding that the guidelines would be unjust or inappropriate under specific criteria.'" *Id.* "Other familial obligations do not automatically justify a departure from the guidelines." *State ex rel. Reaves by Reaves v. Kappmeyer*, 514 N.W.2d 101, 105 (Iowa 1994). Still, consideration of "expenses related to support" of other children "is germane in determining . . . whether a strict application of the guidelines will result in substantial injustice." *Id.*

In this case, the district court found "[e]quity does not support ordering a variance from the guidelines that allows Bruce to pay less child support . . . simply because he failed to pay child support he owed [his first wife] in a timely manner when it was owed to her." We agree. First, other than Bruce's conclusory statement he would suffer an injustice in the absence of a deviation from the guidelines, he has not provided any evidence he would suffer an economic injustice. Second, Bruce seeks to limit his present support obligation merely because he was delinquent in paying his prior support obligation. As the supreme court has noted, a payor should not benefit from his prior failure to pay support as ordered in a prior case. *See State ex rel. Davis,* 497 N.W.2d at 882.

For these reasons, we affirm the modification decision of the district court in all respects.

**AFFIRMED.**