In re the MARRIAGE OF Barbara J. ANDERSON and Allyn M. Anderson

Upon the Petition of
Barbara J. Anderson, Appellee,

and Concerning Allyn M. Anderson,
Appellant.

No. 89–05.

Court of Appeals of Iowa.

Nov. 27, 1989.

Roger J. Hudson and Thomas T. Tarbox of Wimer, Hudson, Flynn & Neugent, P.C., Des Moines, for appellant/cross-appellee.

Leslie Babich of Babich, Bennett, Nickerson, and Newlin, Des Moines, for appellee/cross-appellant.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

The marriage of Barbara and Allyn Anderson was dissolved by a decree of dissolution on November 14, 1985. Among the provisions in the decree was the following:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Respondent (Allyn) be and he is hereby ordered to obtain and maintain major medical and dental insurance for the benefit of the minor children of the parties and provide appropriate claim forms and proof of insurance to the Petitioner (Barbara). Any uncovered medical expenses shall be divided equally between the parties.

At a subsequent date the parties' minor child, Sonya M. Anderson, became an orthodontia patient of Dr. Phillip Doster. The cost of the orthodontia treatment for Sonya was $2,500.00; $750.00 of which was covered by insurance provided by Allyn, and $1,750.00 of which was not covered by insurance. A dispute arose as to Allyn's obligation to pay one-half of the uninsured orthodontia expenses.

On October 12, 1988, Barbara filed an application for order to show cause why Allyn should not be held in contempt for failing to pay one-half of the uninsured orthodontia expenses for Sonya. Allyn resisted, claiming the decree did not obligate him to pay any uninsured dental expenses.

Following a hearing which Allyn did not attend personally, the district court entered its order. The district court did not find Allyn in contempt, but did find him in default for failing to pay one-half of the uninsured orthodontia expenses. In addition, the district court ordered Allyn to pay Barbara $350 as reasonable attorney fees.

Allyn filed a petition for writ of certiorari from this court order, challenging the award of attorney fees and the interpretation of the decree. Barbara filed a cross-petition, challenging the court's failure to find Allyn in contempt. On March 8, 1987, the supreme court ruled the petition and cross-petition for writ of certiorari would be deemed a notice of appeal and cross-appeal.

■ I. *Attorney Fees.* Allyn contends the district court was without authority to order him to pay Barbara's attorney fees in this contempt action. The statute at issue in this case is Iowa Code section 598.24 (1987):

Cost if party is in default or contempt. When an action for a modification, order to show cause, or contempt of a dissolution, annulment, or separate maintenance decree is brought on the grounds that a party to the decree is in default or contempt of the decree, and the court determines that the party is in default or contempt of the decree, the costs of the proceeding, including reasonable attorney's fees, may be taxed against that party.

Allyn argues a finding of contempt is a prerequisite to the imposition of attorney fees pursuant to this legislation.

The trial court was unable to conclude Allyn had acted "willfully" in disregard of an order of the court, and therefore the court could not find him in contempt. However, the trial court specifically found Allyn was required by the decree to pay one-half of the uninsured orthodontia expenses, and he was in default for failing to have made these payments. On the basis of this default, the trial court ordered Allyn to pay $350 of the attorney fees Barbara incurred in bringing the contempt action.

The pertinent language relevant to our decision is "[w]hen an action for [an] order to show cause ... is brought on the grounds that a party to the decree is *in default or contempt* of the decree, and the court determines that the party is *in default or contempt* of the decree, ... reasonable attorney's fees, may be taxed against that party." Iowa Code § 598.24 (1987) (emphasis added).

Despite two references in the statute to "default or contempt," Allyn contends there is no distinction between a defaulting party and a party in contempt. In support of his argument, he claims the court must consider both sections 598.23 and 598.24. In interpreting statutes, all parts of a legislative enactment should be considered together. *Welp v. Iowa Dept. of Revenue,* 333 N.W.2d 481, 483 (Iowa 1983). Section 598.24, in its present form, was adopted in 1984. It was enacted in conjunction with changes in section 598.23. The essence of Allyn's argument is that because section 598.23 (which sets forth alternatives to punishment for contempt) refers to a "defaulting party," the legislature clearly felt a defaulting party and one who is in contempt of court are one and the same.

This court cannot accept Allyn's argument. Section 598.23 addresses only the issue of contempt and the alternative punishments available for contempt. *See Phillips v. Iowa District Court for Johnson County,* 380 N.W.2d 706, 709–10 (Iowa 1986) (court may use only one of the available sanctions in a contempt proceeding). There is a reference to a "defaulting party" in subsection two, and for purposes of section 598.23, it is clear the defaulting party must be one who has been found in contempt. However, it is possible for a party to be in default but yet not have the requisite willfulness to have committed contempt. *See Skinner v. Ruigh,* 351 N.W.2d 182, 183 (Iowa 1984) ("The issue was not whether all of [a party's] default was willful. Contempt was sufficiently shown if some of the default relied on was willful.").

Section 598.24, which addresses the separate issue of attorney fees, recognizes this distinction and provides for an award of attorney fees when one is found to be either in default *or* in contempt. In enacting section 598.24, the legislature was determining under what circumstances attorney fees may be awarded when a contempt action has been filed. It is not illogical to believe the legislature intended to make

attorney fees available to one who though unable to prove contempt, has demonstrated the other party to be in default.

This court is also persuaded by the fact that the prior version of section 598.24 specifically limited the award of attorney fees to cases in which the defaulting party was found to be in contempt:

> Contempt proceedings initiated by interested party—costs taxable to party in default. Nothing in this chapter shall prohibit the party entitled to support payments, or an interested party from initiating contempt proceedings on his own motion. *If the defaulting party is found to be in contempt*, the costs of such proceedings, including attorney's fees for the party initiating the proceedings in an amount deemed reasonable by the court, shall be taxed against such party.

Iowa Code § 598.24 (1983) (emphasis added). When the legislature struck that version in 1984 and enacted the current statute, it specifically used language which awarded attorney fees when a party was found to be in default *or* contempt. When construing a statute, we are guided by the principle that where a statute is plain, and the meaning clear, we are not permitted to search for a meaning beyond its expressed terms. *State v. Hocker*, 201 N.W.2d 74, 74 (Iowa 1972).

■ Other rules of statutory construction also support our interpretation of section 598.24. It is presumed the legislature does not intend words in a statute be given a redundant or useless meaning. *State v. Pinckney*, 306 N.W.2d 726, 728 (Iowa 1981). We avoid a statutory construction which renders part of a statute superfluous. *State v. Hauan*, 361 N.W.2d 336, 338 (Iowa App.1984). When the word "or" is used in a statute, it is presumed to be disjunctive unless a contrary legislative in-

tent appears. *Kearney v. Ahmann*, 264 N.W.2d 768, 769 (Iowa 1978).

We find no reason to construe section 598.24 to require a finding of contempt before an award of attorney fees may be entered. The trial court had authority to order Allyn to pay $350 of Barbara's attorney fees.[1]

■ II. *Due Process.* Allyn contends he was denied due process because he had no notice the trial court would construe the dissolution decree as a part of the contempt proceedings. "To comport with due process, a person must ordinarily be informed somehow of the issues involved in order to prevent surprise at the hearing and allow an opportunity to prepare." *Wedergren v. Board of Directors*, 307 N.W.2d 12, 16 (Iowa 1981), citing *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287, 299 (1970).

The application for order to show cause filed by Barbara contended Allyn had failed to comply with the dissolution decree. Specifically it alleged he had failed to make payments for orthodontia treatments pursuant to a provision of the decree requiring him to pay one-half of uncovered medical expenses.

In his resistance, Allyn cited that part of the decree and denied it encompassed orthodontia payments. At trial, Allyn's attorney informed the court he had felt Allyn's presence was not necessary at the hearing because, "we really are here on a legal argument: What does this decree mean when it is written in the way that is written?"

Without question, Allyn knew resolution of his alleged contempt would be contingent upon construction of that part of the decree which addressed payment of uninsured medical expenses. It is disingenuous for Allyn to claim he could not reasonably have been expected to know the trial court

---

1. Some case law provides section 598.24 is only applicable to actions brought for the enforcement of support provisions of a decree. *DeKlotz v. Ford*, 332 N.W.2d 110, 112–13 (Iowa App. 1982); *Rausch v. Rausch*, 314 N.W.2d 172, 174–75 (Iowa App.1981). However, the continued validity of these decisions is in question in light of the supreme court's decision in *In re Mar-*

*riage of Lenger*, 336 N.W.2d 191, 192 (Iowa 1983) (expressing disapproval of *DeKlotz* and its strict circumscription of section 598.24). In any case, while the payments at issue in this case were not technically labeled "support payments," they were essentially in the nature of support and section 598.24 would apply in this matter.

would construe the decree in order to make its contempt finding. Allyn was not denied due process in this matter.

■ III. *Construction of Decree.* Allyn alleges the trial court erred in construing the decree to require him to pay one-half of the uninsured orthodontia expense. The determinative factor in construing a dissolution decree is the intention of the court granting the decree as gathered from all parts of the decree. *Matter of Estate of Jones*, 434 N.W.2d 130, 132 (Iowa App. 1988). To determine this intent, we take the decree by its four corners and try to ascertain its intent as disclosed by the various provisions of the decree. *Id.*

■ In construing a judgment or decree, force and effect should be given every word, if possible, to give it a consistent, effective, and reasonable meaning. *In re Marriage of Lawson*, 409 N.W.2d 181, 182–83 (Iowa 1987). "Effect must be given to that which is clearly implied as well as that which is expressed." *Id.* at 182.

■ "Medical expenses" can encompass a child's dental and orthodontia expenses, and as the trial court correctly noted, both relate to the health needs of a child. The dissolution decree in this matter attempted to address a variety of issues which affected the children's welfare, i.e. child support, medical and dental insurance, clothing allowance, life insurance benefits, and post-high school education expenses.

The trial court's decree reflects an attempt to thoroughly assess the children's needs and provide for them. From this context, it is apparent effect must be given to that which is implied in the term "medical expenses." It was intended that the children's medical and dental needs were to be met, and Allyn was ordered to provide insurance coverage to ensure this was done. Allyn and Barbara were to be equally responsible for uninsured medical expenses. To give effect to the intention of the court granting the decree, "medical expenses" must be construed to include uninsured orthodontia expenses. The trial court did not err in its construction of the dissolution decree.

■ IV. *Contempt—Failure to Pay.* Barbara contends the trial court erred in not finding Allyn in contempt of court. When a trial court refuses to hold a party in contempt, we may properly review the matter on appeal in a dissolution matter. *McDonald v. McDonald*, 170 N.W.2d 246, 247 (Iowa 1969). Our review is not de novo; the decision of the trial court will not be lightly reversed. *Id.*

■ An action for contempt of court is in the nature of a criminal proceeding. *Amro v. Iowa Dist. Court for Story County*, 429 N.W.2d 135, 140 (Iowa 1988). No person may be punished for contempt unless the allegedly contumacious actions have been established by proof beyond a reasonable doubt. *Id.* Contempt consists of willful disobedience to a court order or decree. Iowa Code § 598.23(1) (1987). In this context, a finding of willful disobedience requires evidence of conduct which is intentional and deliberate or is contrary to a known duty. *Id.*

■ The trial court was unable to find beyond a reasonable doubt that Allyn had willfully failed to comply with the decree. The failure to adhere to an unclear or ambiguous decree may defeat a finding of contempt. *See Palmer Chiropractic v. Dist. Court*, 412 N.W.2d 617, 620 (Iowa 1987) (discusses need for specificity before violation of decree can constitute contempt). The record in this case reveals the parties had some earlier confusion as to the scope of uninsured expenses for which they were liable. It is likely the trial court concluded similar confusion kept Allyn's conduct from amounting to contempt in this matter. We do not find sufficient evidence to warrant reversal of the trial court's decision.

■ V. *Contempt—Failure to Appear.* Barbara claims the trial court erred in failing to find Allyn in contempt for failing to appear as ordered on December 6, 1988. While Allyn was not present for the contempt proceedings, his attorney was. The trial court was in the best position to know whether Allyn's absence encumbered the hearing and its ability to

render a decision. We will not second-guess the trial court in its decision in this regard.

VI. *Attorney Fees on Appeal.* Barbara seeks attorney fees on appeal. In evaluating a request for attorney fees on appeal, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). The circumstances of this case justify an award of appellate attorney fees to Barbara. Allyn is hereby ordered to pay $1,000 of Barbara's attorney fees.

AFFIRMED.