### In re the MARRIAGE OF Blaine Harold LYTLE and Beverly Daun Lytle,

**Upon the Petition of Blaine Harold Lytle, Appellee,**

**And Concerning Beverly Daun Lytle, Appellant.**

No. 90–420.

Court of Appeals of Iowa.

June 25, 1991.

Patrick H. Payton and Ronald G. Cable, Des Moines, for appellant.

Jill S. Rolek, Des Moines, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Beverly Lytle filed an application to show cause seeking to have Blaine Lytle held to be in contempt of court for failing to maintain a $100,000 life insurance policy showing Beverly as the beneficiary. The district court dismissed the application. We affirm.

A decree of dissolution was filed for Blaine and Beverly on August 26, 1987. At that time both parties were fifty-five years old. Blaine was the superintendent of schools in Perry, Iowa. However, he anticipated retiring in June 1988. Beverly had

previously sold Avon products but had lately become a real estate agent.

The dissolution decree ordered Blaine to pay Beverly decreasing amounts of alimony over ten years. Blaine was also ordered to maintain a $100,000 term life insurance policy on his life and name Beverly as beneficiary for so long as he was obligated to pay alimony.

Beverly filed a motion to clarify. On November 23, 1987, in response to this motion the court provided that Blaine was required to maintain only enough life insurance to cover the unpaid portion of his ten-year alimony obligation. The court stated that Blaine could maintain life insurance coverage of a decreasing face amount, so long as the face amount was enough to cover the unpaid alimony.

Beverly appealed the dissolution decree. On June 15, 1989, this court modified the alimony provision to award her permanent alimony of $850 per month. This alimony is to continue until Beverly remarries or until the death of either party. Our decision did not specifically mention life insurance.

On January 17, 1990, Beverly filed an application to show cause why Blaine should not be held in contempt of court for failing to maintain a $100,000 life insurance policy naming her as beneficiary.

A contempt hearing was held on February 23, 1990. Blaine testified he previously had a $100,000 term life insurance policy through the school system, but the policy ended when he quit his employment. He also stated that he had a heart attack in March 1988 and was unable to obtain life insurance at the present time. Furthermore, he stated that after the original decree he obtained an annuity in order to secure his alimony payments. Beverly is named as the beneficiary of this annuity.

The district court dismissed the application to show cause in a calendar entry on February 23, 1990. In a ruling from the bench the judge found Blaine had substantially complied with the court's order of November 23, 1987. Beverly appealed.

I. Since the district court refused to hold Blaine in contempt, we may properly review this matter on appeal. *McDonald v. McDonald*, 170 N.W.2d 246, 247 (Iowa 1969). Our review is not de novo, nor is the decision of the trial court lightly reversed. *In re Marriage of Wegner*, 461 N.W.2d 351, 354 (Iowa App.1990). Our review is on assigned error only. *In re Guardianship of Cerven*, 334 N.W.2d 337, 339 (Iowa App.1983).

An action for contempt of court is in the nature of a criminal proceeding. *In re Marriage of Anderson*, 451 N.W.2d 187, 191 (Iowa App.1989). No person may be punished for contempt unless the allegedly contumacious actions have been established by proof beyond a reasonable doubt. *Id.* Contempt consists of willful disobedience to a court order or decree. Iowa Code § 598.23(1).

II. Beverly contends that Blaine should have been found in contempt because the dissolution decree, as clarified, clearly ordered him to maintain a life insurance policy naming her as the beneficiary. We disagree.

The court of appeals' opinion on the appeal of the dissolution decree did not address the issue of insurance. This was obviously because there is no need for insurance to pay alimony after Blaine's death. The award of alimony ceases at the death of either Beverly or Blaine. There is no authority to order distribution of a decedent's assets after death because of a dissolution of marriage. *See In re Marriage of Boehlje*, 443 N.W.2d 81, 85 (Iowa App. 1989).

Because Blaine has no obligation to maintain life insurance naming Beverly as the beneficiary, he cannot be held in contempt for failing to maintain such insurance. We affirm the district court's dismissal of Beverly's application to show cause.

AFFIRMED.