John Martin FARRELL, Plaintiff

v.

IOWA DISTRICT COURT FOR POLK
COUNTY, Defendant.

No. 07–0283.

Court of Appeals of Iowa.

Feb. 13, 2008.

Eric Borseth of Borseth Law Office, Altoona, for appellant.

Barbara Davis, West Des Moines, for appellee Iowa District Court.

Catherine K. Levine, Des Moines, for appellee Janna K. Farrell.

Considered by SACKETT, C.J., and VAITHESWARAN and BAKER, JJ.

VAITHESWARAN, J.

John Farrell, a divorced father of two children, refused to pay court-ordered child support and refused to pay certain expenses associated with the children's extracurricular sports activities. He did so "to get his ex-wife's attention over joint parenting issues."

John's ex-wife, Janna Farrell, applied to have John held in contempt. After the application was filed, John satisfied his child support obligation but reiterated his refusal to pay his portion of the extracurricular expenses. The district court first held John in contempt for failing to pay child support when it came due. The court next found John in "default" on the extracurricular expenses and ordered him to pay Janna $372.67. Finally, the court ordered John to pay $750 toward Janna's trial attorney fees.

John petitioned for a writ of certiorari, challenging all three aspects of the district court's ruling. The Iowa Supreme Court granted the petition and transferred the appeal to this court for disposition.

■ Our standard of review in certiorari actions is well-established. We may only examine "the jurisdiction of the district court and the legality of its actions." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). An illegality exists "[w]hen the court's findings of fact are not supported by substantial evidence, or when the court has not applied the law properly." *Ary v. Iowa Dist. Court*, 735 N.W.2d 621, 624 (Iowa 2007)

■ *I. Contempt for Failure to Pay Child Support.* Iowa Code section 598.23 (2005) provides that a court may cite and punish persons for contempt if they willfully disobey a temporary or final order or decree. "There are two ways in which the

contemner may show that a failure to comply with a court order was not willful: (1) the order was indefinite; or (2) the contemner was unable to perform the act ordered." *Christensen,* 578 N.W.2d at 678.

John concedes he "did not pay his support in September and October of 2006" and concedes he did so "willfully." His admissions amount to substantial evidence in support of the district court's finding of contempt.

■ In reaching this conclusion, we note that John makes no argument that the support obligation was indefinite or that he was unable to pay the child support. *Id.* He simply argues that his actions were justified because he needed to get his wife's attention on joint parenting issues. This type of self-help measure is not a basis for avoiding a contempt citation. *See id.* Issues of child support and custody or visitation are independent. Problems with one do not justify withholding of the other. *See State ex rel. Wagner v. Wagner,* 480 N.W.2d 883, 885 (Iowa 1992) (accepting State's premise as a general rule that "one parent's duty of support does not turn on the other parent's fulfillment of custodial obligations such as visitation."); *Gerk v. Gerk,* 259 Iowa 293, 298, 144 N.W.2d 104, 108 (Iowa 1966) ("The parent's duty to support continues unless removed or shifted in some way recognized by law."); *In re Marriage of Hoksbergen,* 587 N.W.2d 490, 492 (Iowa Ct.App.1998) ("The withholding of visitation does not stop an obligation for child support."). We conclude the district court did not err in holding John in contempt for failing to pay his child support obligation when it came due.

■ **II. Default.** We turn to the district court's determination that John was in default on the payment of extracurricular expenses. The dissolution decree provided:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in addition to child support, the parties agree to each be responsible for fifty percent (50%) of the costs for the mutually agreed-upon children's extracurricular activities and lessons including but not limited to registration fees, camp fees, equipment, costs related thereto, etc.

The parties initially agreed to equally divide the expenses associated with the children's extracurricular activities, but John later backed away from this agreement. After evaluating the decree's language, the district court stated:

[T]he Decree of Dissolution of Marriage literally affords one party an "out" if they didn't agree to the participation of the children in sports. While the Court does not find the Respondent to be in contempt, the Court does find Respondent to be in default. As a result, the Respondent should pay the Petitioner four hundred seventy two dollars and sixty seven cents ($472.67) but with a credit of $100 to acknowledge Respondent's attempt to discipline the children through their sports activities. In the future, the Court highly suggests that the Respondent make his objections about sports involvement known in writing to the Petitioner.

We agree with the district court that John could not be held in contempt of the cited decree provision, as the language of the decree did not definitively require him to pay the expenses associated with the children's extracurricular sports activities. We reach this conclusion notwithstanding John's concession that he acted willfully in refusing to pay the extracurricular expenses.

■ This brings us to the district court's determination that John was in "default." We recognize that it is possible

for a party to be in default of an obligation without being in contempt. *See* Iowa Code § 598.24; *In re Marriage of Anderson,* 451 N.W.2d 187, 189 (Iowa Ct.App.1989). For example, the party may not have acted with the willfulness required to support a finding of contempt, yet be in default on a court-ordered obligation. *Id.* The problem here is that John was not in default on a court-ordered obligation. As the district court found, the decree specifically allowed him to opt out of paying the extracurricular expenses. Because John was not in default, the district court was not authorized to require payment of the extracurricular expenses. Accordingly, we sustain the writ of certiorari as to the portion of the district court's order that required John to pay Janna $372.67.

**III. Attorney Fees.** John next challenges the district court's award of trial attorney fees. That award is specifically authorized by Iowa Code section 598.24, which states:

> When an action for a modification, order to show cause, or contempt of a dissolution ... decree is brought on the grounds that a party to the decree is in default or contempt of the decree, and the court determines that the party is in default or contempt of the decree, the costs of the proceeding, including reasonable attorney fees, may be taxed against that party.

Iowa Code § 598.24. *See In re Marriage of McCurnin,* 681 N.W.2d 322, 332–333 (Iowa 2004).

As John was found in contempt for nonpayment of two months of child support, the district court was authorized to order the payment of attorney fees.

Janna requests appellate attorney fees of $1000. As John partially prevailed in his challenge to the district court's ruling, we decline to order the payment of appellate attorney fees.

**WRIT ANNULLED IN PART AND SUSTAINED IN PART.**