# IN THE COURT OF APPEALS OF IOWA

No. 12-2062
Filed May 14, 2014

IN RE THE MARRIAGE OF KELLY R. GENSLEY
AND KANDI J. GENSLEY

Upon the Petition of
KELLY R. GENSLEY,
    Petitioner-Appellee,

And Concerning
KANDI J. GENSLEY,
    Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Iowa County, Robert E. Sosalla,

Judge.


        Respondent appeals a district court order dismissing allegations petitioner

was in contempt of provisions of the parties' dissolution decree.  **REVERSED**

**AND REMANDED.**


        Crystal L. Usher of Nazette, Marner, Nathanson & Shea, L.L.P., Cedar

Rapids, for appellant.

        Dennis R. Mathahs, Marengo, for appellee.


        Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013)

**MAHAN, S.J.**

The respondent appeals the district court decision dismissing several of her allegations the petitioner was in contempt under the terms of the parties' dissolution decree. The court determined the allegations should be dismissed because the petitioner had not been afforded his right to a jury trial on the contempt allegations. We conclude the petitioner had not preserved error on his demand for a jury trial. Therefore, we reverse the decision of the district court and remand for further proceedings.

### I. Background Facts & Proceedings

Kelly and Kandi Gensley were previously married. A dissolution decree was entered for the parties on October 30, 2008, granting Kandi sole legal custody and physical care of the parties' three children. Kelly was granted specified visitation and ordered to pay child support. On appeal we slightly modified the visitation schedule, but otherwise affirmed the dissolution decree. *See In re Marriage of Gensley*, 777 N.W.2d 705, 716-18 (Iowa Ct. App. 2009).

The present appeal involves an application for rule to show cause filed by Kandi on February 8, 2012. She alleged Kelly (1) had failed to return one of the children after visitation, (2) had signed documents on behalf of the minor child, (3) changed the child's residence to Poweshiek County, (4) did not take the child to scheduled activities, and (5) was in arrears in his child support obligation. Kandi asked to have Kelly serve a six-month jail sentence on each count. She also asked for a modification of the visitation provisions, an order directing Kelly to dismiss a modification action in another county, an order prohibiting him from filing any further modifications actions, an order requiring him to keep his child

support obligation current, and that Kelly be required to pay her attorney fees for the contempt action.

On March 21, 2012, Kelly, who was appearing pro se, filed a demand for a jury trial. No action was taken on his request. A hearing was held on July 3, 2012, before the court. Kelly did not object to the lack of a jury trial and participated in the contempt hearing. At the close of the hearing, the court determined Kelly was in contempt for failure to pay child support. He was sentenced to 180 days in jail, with all but sixty days suspended. The court reserved ruling on the other matters raised in the application for rule to show cause.

After the hearing Kelly filed four post-hearing motions. He did not raise the issue of his request for a jury trial in any of these motions. The motions were later denied by the court.

On August 24, 2012, the district court entered an order stating that in reviewing the file, the court found Kelly's request for a jury trial. The court stated:

> Normally, [Kelly's] failure to bring his demand to the court's attention and request a ruling, results in a waiver of the subject involved. In this instance, however, given the fundamental nature of [Kelly's] right to a jury trial and his *pro se* status I conclude that a different result is required.
>     I conclude that, to preserve his right to a jury trial, it is necessary for me to dismiss the remaining allegations of contempt without prejudice to [Kandi's] ability to re-file the allegations if she desires. In this way [Kelly] can re-assert his jury demand if he desires.

(Citations omitted). The court then dismissed the allegations of contempt in Kandi's application for rule to show cause, other than the allegation of failure to

pay child support, which had already been addressed. The court ordered Kelly to pay $3063.93 for Kandi's attorney fees.

Both parties filed motions pursuant to Iowa Rule of Civil Procedure 1.904(2). In an order filed September 24, 2012, the court denied the motions. Kandi appealed the district court's rulings.[1]

## II. Standard of Review

When an application for rule to show cause is dismissed, a direct appeal is permitted. *State v. Iowa Dist. Ct.*, 231 N.W.2d 1, 4 (Iowa 1976). Our review is not de novo, but on assigned errors only. *City of Masonville v. Schmitt*, 477 N.W.2d 874, 876 (Iowa Ct. App. 1991). When, in a dissolution proceeding, a court refuses to find a party in contempt, "we review the record to determine if substantial evidence exists to support the trial court's finding." *In re Marriage of Hankenson*, 503 N.W.2d 431, 433 (Iowa Ct. App. 1993). Because "proof beyond a reasonable doubt must be established for a finding of contempt, substantial evidence to support such a finding is such evidence as could convince a rational trier of fact that the alleged contemnor is guilty of contempt beyond a reasonable doubt." *Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 66 (Iowa 2010).

## III. Merits

We first address the issue of whether Kelly preserved error on his request for a jury trial. Kelly filed his request for a jury trial on March 21, 2012. At that time the application for rule to show cause had been set for a hearing before the court on April 25, 2012. Kelly filed a motion for a continuance on April 20, 2012.

---

[1] Kelly had also appealed. The Iowa Supreme Court determined his request for relief should have been in the form of a petition for writ of certiorari. The court denied permission to bring a certiorari action. Procedendo was issued on his appeal.

The hearing was reset for May 9, 2012, then May 8, 2012, due to the court's schedule. Kelly again asked for a continuance. The hearing was reset for July 3, 2012. Kelly filed a third request for a continuance on June 21, 2012. The request was denied. Kelly's motions for a continuance did not mention he had requested a jury trial. Nor did he object to the fact the matter was scheduled for a hearing before the court. Instead, all three of his motions for a continuance asked to reschedule the hearing before the same court in which the hearing had already been set.

The case proceeded to a hearing before the court on July 3, 2012. Kelly represented himself during the hearing. He did not make any objection or mention to the court that he had requested a jury trial. He fully participated in the hearing by objecting on other matters, questioning his witness, cross-examining Kandi's witnesses, testifying himself, and making a closing argument. At the close of the hearing the court addressed the claim Kelly was in contempt for failure to pay child support and reserved ruling on the other issues raised in the motion for rule to show cause.

Before the court ruled on the matters that had been reserved, Kelly filed four pro se motions—to immediately discontinue his child support obligation, to be released from incarceration, to be placed on work release, and to enlarge and amend the court's ruling. In none of these post-hearing motions does he mention that he had requested a jury trial.

The district court noted it had found the request for a jury trial itself while reviewing the court file. In its order of August 24, 2012, the court stated:

> Upon review of the court file in preparation of ruling on the remaining allegations of contempt I noted that on March 21, 2012, [Kelly] filed a demand for a jury trial regarding the contempt allegations. The file does not reflect that the court ever ruled on [Kelly's] jury trial demand. [Kelly] did not raise the issue of his jury trial demand before me. He did not file any written request for a ruling from the court on his jury trial demand. Further, he has not filed any 1.904(2) motion bringing his demand to the court's attention.

The court noted that normally a party's failure to bring his demand to the court's attention would result in a finding the party had waived the matter. The court determined, however, that Kelly had adequately raised the issue given the fundamental nature of the right to a jury trial and the fact Kelly was acting pro se.

Generally, when a party is entitled to a jury trial and has filed a demand for a jury trial, if the party does not object when the case is scheduled to be tried before the court, the party has failed to preserve error. *Vaughn v. Ag Processing, Inc.*, 459 N.W.2d 627, 637 (Iowa 1990) ("By not objecting when the case was scheduled for a bench trial plaintiff failed to preserve error on this issue."); *see also Wende v. Orv Rocker Ford Lincoln Mercury, Inc.* 530 N.W.2d 92, 95 (Iowa Ct. App. 1995) (noting that because a party had not objected to the submission of a motion to the court as the finder of fact, "she failed to preserve any claim of error involving the procedure followed by the trial court"). Thus, although the right to a jury trial is a fundamental right, it is still subject to our rules of error preservation.

Furthermore, "[w]e do not utilize a deferential standard when persons choose to represent themselves." *Metropolitan Jacobson Dev. Venture v. Bd. of Review*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). If a person chooses to proceed pro se in a case, it is done at their own risk. *Kubik v. Burk*, 540 N.W.2d

60, 63 (Iowa Ct. App. 1995). When a party chooses to represent himself, he is judged by the same standard as an attorney. *In re Estate of DeTar*, 572 N.W.2d 178, 181 (Iowa Ct. App. 1997). Although Kelly was proceeding pro se in the contempt proceeding, he is not treated any differently than if he had been represented by an attorney. We conclude Kelly's pro se status cannot be used as an excuse for his failure to preserve error on his request for a jury trial.

We do not determine whether or not Kelly actually had a right to a jury trial for these contempt proceedings.[2] Instead, we determine that even if he did have the right to a jury trial, he did not preserve error on this issue. We therefore conclude the district court improperly cited the failure to have the contempt matter tried before a jury as a reason to dismiss the allegations of contempt found in Kandi's motion for rule to show cause that were in addition to the matter of Kelly's failure to pay child support, which had already been determined. We determine the district court erred by dismissing the remaining allegations of contempt in its ruling of August 24, 2012. We conclude the matter should be remanded to the district court for a ruling on the allegations of contempt that had been reserved after the hearing on July 3, 2012.

### IV. Attorney Fees

Kandi seeks attorney fees for this appeal. Iowa Code section 598.24 (2011) permits attorney fees to be assessed against a party who has been found to be in contempt of a dissolution decree. *See Farrell v. Iowa Dist. Ct.*, 747 N.W.2d 789, 792 (Iowa Ct. App. 2008). At this point in time Kelly has not been found to be in contempt on the issues that were dismissed by the district court.

---

[2] *See Lewis v. United States*, 518 U.S. 322, 330 (1996).

We have concluded only that the contempt proceeding may proceed. We decline to award appellate attorney fees.

We reverse the decision of the district court dismissing Kandi's allegations of contempt and remand to the court for further consideration. Costs of this appeal are assessed to Kelly.

**REVERSED AND REMANDED.**