# IN THE COURT OF APPEALS OF IOWA

No. 18-0216
Filed December 5, 2018

IN RE THE MARRIAGE OF DEWEY M. GOINS
AND MARY P. GOINS

Upon the Petition of
DEWEY M. GOINS,
      Petitioner-Appellant,

And Concerning
MARY P. GOINS,
      Respondent-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Fae Hoover-Grinde, Judge.

Dewey Goins appeals from the denial of his application to modify support for his former spouse Mary Goins. **AFFIRMED.**

Thomas J. Viner of Viner Law Firm, PC, Cedar Rapids, for appellant.

Stephen B. Jackson, Sr. and Kerry A. Finley of Shuttleworth & Ingersoll, PLC, Cedar Rapids, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Dewey Goins appeals from the denial of his application to modify support for his former spouse Mary (known as "Pat") Goins. Dewey contends that now that he is no longer working he should not be required to pay support from his disability and investment income.

Because the district court tried the case in equity, we review the modification order de novo. Iowa R. App. P. 6.907; see *In re Marrige of Beecher*, 582 N.W.2d 510, 512 (Iowa 1998). "We examine the entire record and adjudicate anew rights on the issues properly presented." *Beecher*, 582 N.W.2d at 512-13. We give weight to the district court's findings of fact, especially when considering witness credibility, but do not consider them binding. *Id.*

When a substantial change in circumstances occurs, the district court *may* modify spousal support orders. Iowa Code § 598.21C(1) (2016). The dissolution court contemplates reasonable and ordinary changes in circumstances for the parties in the future. *See Mears v. Mears*, 213 N.W.2d 511, 514 (Iowa 1973). Once the decree is entered, it should not be disturbed, "unless it is made to appear that the enforcement of the decree will be attended by positive wrong or injustice under changed conditions." *Id.* at 515.

Dewey and Pat had been married for ten years when their marriage was dissolved in 2008. After the dissolution trial, Dewey was ordered to pay spousal support to Pat of $700 per month. *In re Marriage of Goins*, No. 08-1416, 2009 WL 1219331, at *2 (Iowa Ct. App. May 6, 2009). On Dewey's appeal from the decree, we noted:

The record shows that the parties (Dewey especially) lived very frugally and within their means. The district court even noted that Dewey's "penurious nature"[1] made the dissolution process "somewhat more complicated." Throughout the marriage, Pat deposited her paychecks into a joint checking account, from which she paid bills and living expenses for the parties. Dewey kept his own checking account, but deposited a specific monthly share of his paycheck into the joint account. According to Pat, the parties were under agreement that Pat's paychecks were for day-to-day living expenses and Dewey's paychecks were being saved for the parties' retirement.

Pat brought very few assets into the marriage. Dewey, however, brought assets totaling $361,000 into the marriage, in addition to the parties' home, which was paid for and in his name. Prior to the marriage, the parties signed an antenuptial agreement because Dewey refused to be married without such an agreement. The agreement provided that each party's premarital property and earnings therefrom would remain his or her own separate property and would not be subject to division in the event of dissolution. The district court found the agreement to be valid and enforceable in all respects.

At the time of trial, Dewey's assets had increased and were worth more than $840,000, which the dissolution decree ordered him to receive. At the same time, Pat was making mortgage payments on her home in the amount of $675.72 per month and had less than $20,000 in assets.

*Id.* at *1 (footnotes omitted). We upheld the spousal support award, noting the dissolution court's findings of Pat's fragile health, an antenuptial agreement that "create[d] a substantially bigger disparity in wealth and income than would otherwise be the case," and that "a reasonable award of spousal support will not interfere with [Dewey's] enjoyment of life." *Id.*

Dewey had two strokes in 2016 and is no longer able to work or live independently. However, he receives disability income of $1689 a month in Social Security and has interest income from his investments of about $2200 per month,

---

[1] "Unwilling to spend money; stingy." *Penurious*, American Heritage College Dictionary (4th ed. 2004).

which together exceed his stated living expenses. He lives with his daughter to whom he was recently introduced.[2] Dewey gave his daughter's mother his fully paid-for house, and he paid off both his brother's and his daughter's houses—thus gifting more than $270,000 in the year prior to the modification trial. Dewey has not had to tap into his retirement benefits or his investment income, which now exceeds $1,000,000. Weighed against Dewey's financial situation, Pat has retired and has emphysema and arthritis. The house she was purchasing at the time of the divorce was lost in a flood. She lives in a one-bedroom apartment. Pat has no pension or retirement account. Her current income is $1415.60 per month— $715.60 net from Social Security and $700 in alimony. Her monthly expenses total $1418.15. Under these circumstances, we agree with the trial court that modification of Dewey's support obligation is not warranted. Rather, modifying the spousal support would do a positive injustice to Pat. We therefore affirm.

Pat requests appellate attorney fees. We have broad discretion in awarding appellate attorney fees. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). An award of appellate attorney fees is based upon the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal. *Id.* We award Pat $2500 in attorney fees for this appeal. Costs on appeal are assessed to Dewey.

**AFFIRMED.**

---

[2] Dewey did not know he had a child until his daughter located him in 2015 and sought out a relationship. She was thirty-six at the time of trial. She is Dewey's power of attorney and takes care of his finances.