# IN THE COURT OF APPEALS OF IOWA

No. 18-0525
Filed February 20, 2019

IN RE THE MARRIAGE OF CYNTHIA SUE CURTIS
AND ROSS LANE CURTIS

Upon the Petition of
CYNTHIA SUE CURTIS,
     Petitioner-Appellee,

And Concerning
ROSS LANE CURTIS,
     Respondent-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Patrick McElyea, Judge.

A former husband appeals the district court's denial of his request to modify spousal support. **AFFIRMED.**

JohnPatrick Brown of Winstein, Kavensky & Cunningham, LLC, Rock Island, Illinois, for appellant.

Cynthia Sue Curtis, Chillicothe, Illinois, self-represented appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

In a 2015 decree dissolving the marriage of Ross and Cynthia Curtis, the district court ordered Ross to pay $1000 per month in spousal support. Citing a change in his employment, he now seeks to reduce his payments to $250 per month. The district court denied Ross's request to modify the support payments, finding he did not prove a substantial change in circumstances. The court also refused to modify the spousal support in June 2016. Because Ross did not offer credible evidence to show his earning capacity had decreased since the previous orders, we affirm.

## I. Facts and Prior Proceedings

Ross and Cynthia had a twenty-seven-year marriage. Cynthia was the primary caretaker for their two children during the marriage. Ross had served in the naval reserve and testified he suffered from post-traumatic stress disorder (PTSD). Both spouses had learning disabilities when in school. At the time of the divorce, Cynthia worked thirty hours per week in customer service at Target, earning $11.37 per hour. Ross was a police officer for the city of Davenport, earning $33.35 per hour for full-time work.[1] Given their disparities in income and other factors, the court ordered Ross to pay spousal support in the amount of $1000 per month until Cynthia reached full retirement, died, or remarried.

In March 2016, six months after the divorce, Ross sought to modify the spousal support, alleging he was no longer employed as a Davenport police officer

---

[1] Ross worked for the Davenport Police Department for fifteen years, two of the years as a detective. He resigned from the force after the divorce trial and two days before the court issued its decree.

and his income was "greatly reduced." Ross asserted he was told to resign or he would be fired. In May 2016, Cynthia sought a contempt finding against Ross, alleging he had not paid any spousal support. In a June 2016 order, the district court declined to modify the spousal support, finding Ross failed to show a substantial change in circumstances justifying a reduction in the amount of spousal support awarded to Cynthia. The court found no credible evidence Ross was forced to quit his job with the Davenport Police Department and insufficient evidence to support a finding his earning capacity decreased since entry of the decree. The court also found Ross in contempt.

In January 2017, Ross again petitioned to modify his spousal support. The petition alleged he was now employed as a police officer in Centerville, and his income was "greatly reduced." At the January 2018 hearing on his petition, Ross testified he worked full time for the Centerville Police Department, earning $24.92 per hour, from July 2016 until February 2017. Ross testified he was dismissed after his probationary period because methods he learned while a Davenport officer did not translate to small-town policing. In June 2017, Ross started working as a security officer for Trinity Hospital twenty-four hours per week, earning $16.78 per hour.

Cynthia resisted Ross's request to modify spousal support. She testified she continued working part-time at Target, earning about $20,000 per year, until May 2017 when she was diagnosed with a brain tumor. Her neurologist confirmed she was not able to continue working. She testified, without alimony, she would not be able to support herself.

In a January 2018 ruling, the district court denied Ross's modification request, holding "Ross did not prove by a preponderance of the evidence that there was a substantial change in circumstances." The court believed "Ross could be doing more than he presented to obtain other part-time employment or potentially full-time employment."

In a motion to enlarge, Ross claimed even if the district court were correct in finding he could work as a full-time police officer, it should have found—based on his salary in Centerville—"his income had decreased by 44% and reduced his maintenance obligation to $660 per month." In denying the motion, the district court found Ross "not credible as it related to his employment or financial situation." The court concluded, "Ross's claimed employment issues are not new issues presented to the Court, nor are they issues which were not within the contemplation of the Court when it entered the previous modification order in June 2016. Ross has simply failed to meet his burden."

On appeal, Ross challenges the denial of his modification request. Cynthia did not file a brief on appeal.

## II. Scope and Standard of Review

Because the district court tried the case in equity, we review the modification order de novo. Iowa R. App. P. 6.907; *In re Marriage of Beecher*, 582 N.W.2d 510, 512 (Iowa 1998). De novo review means "[w]e examine the entire record and adjudicate anew" the issue presented. *Beecher*, 582 N.W.2d at 512–13. Although they are not binding, we give weight to the district court's findings of fact, especially when considering witness credibility. *Id.* The district court "is greatly helped in making a wise decision about the parties by listening to them and watching them

in person." *In re Marriage of Vrban,* 359 N.W.2d 420, 423 (Iowa 1984) (quoting *In re Marriage of Callahan*, 214 N.W.2d 113, 136 (Iowa 1974)).

### III.    Analysis

A decree's spousal support provision is "normally final as to the circumstances existing at the time." *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014) (citing *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973)). But if a party can show a substantial change in circumstances, a court may modify the support order. Iowa Code § 598.21C(1) (2017). To gauge whether modification is proper, courts will consider all relevant factors, including changes in employment, earning capacity, income, or other resources of a party; changes in medical expenses of a party; changes to physical, mental or emotional health of a party; change in the residence of a party; remarriage of a party; and possible support of a party by another person. *Id.* § 598.21C(1)(a)–(*l*). The changed circumstances must be material, substantial, essentially permanent, and not contemplated at the time of the decree. *Sisson*, 843 N.W.2d at 870–71.

Ross contends he proved by a preponderance of the evidence he "is unable to pay a spousal support obligation of $1,000 per month because of a clear and substantial change of circumstances as evidenced by the decline of his financial resources and earning capacity." Ross asserts he has increasing physical and mental limitations, including PTSD, which led to his poor job performance and termination from his law enforcement position in Centerville. Ross also claims he "lacks reliable transportation when the weather is poor."

But after hearing Ross's testimony, the district court was skeptical of Ross's claim he was unable to find more lucrative, full-time employment. The court

believed Ross's income reduction resulted from his voluntary actions or inaction. The court wrote:

> On cross-examination Ross was confronted with approximately half a dozen jobs he had not explored. Another area where Ross's credibility came into question was with regards to transportation. Ross has refused to sell his motorcycle and stated the fuel economy of his truck forced him to keep the motorcycle. This testimony had a negative impact on Ross's credibility with the Court. Ross has an opportunity to sell a valuable motorcycle and a truck to obtain a reliable, fuel efficient vehicle, and refused to do so. This showed the Court Ross is not willing to do what he needs to do in order to obtain adequate employment. This examination weighed heavily with the Court as it demonstrated Ross's unwillingness to seek out other employment.

Not only did the court find Ross had the earning capacity to continue paying $1000 per month in spousal support, it decided Cynthia's earning capacity diminished with the diagnosis of her brain tumor.

The district court properly decided Ross's ability to pay alimony should be determined based on his earning capacity rather than his voluntarily reduced income. *See Ellis v. Ellis*, 262 N.W.2d 265, 267–68 (Iowa 1978). The court noted his experience in law enforcement provided him marketable skills. And the court did not give credence to his testimony he was no longer able to use those skills or earn wages comparable to his pay as a Davenport officer. Where a person's inability to pay spousal support "is self-inflicted or voluntary, it will not constitute a ground for reduction of future payments." *Id.* The district court found Ross did not have a credible explanation for his income reduction. We defer to that finding. Accordingly, Ross did not meet his burden to show a material change in circumstances justifying modification of his spousal support obligation.

**AFFIRMED.**