# IN THE COURT OF APPEALS OF IOWA

No. 25-0434
Filed June 10, 2026

**Christina Elmers,**
Petitioner–Appellant,

v.

**George Slocum,**
Respondent–Appellee.

Appeal from the Iowa District Court for Clinton County,
The Honorable Jeffrey C. McDaniel, Judge.

**REVERSED AND REMANDED WITH DIRECTIONS**

Eric D. Puryear and Eric S. Mail of Puryear Law P.C., Davenport,
attorneys for appellant.

Matthew D. Hatch of Hatch Law Firm, P.C., Davenport,
attorney for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

This appeal involves issues relating to health insurance and child support for a child born in 2015. Christina Elmers and George Slocum are the parents of the child. The parents used to live in the same town, but both moved. The father now lives in the Chicago, Illinois area, and the mother lives in Clinton, Iowa.

The mother filed a petition to establish custody, visitation, and child support. The court approved the parties' agreement that they would have joint legal custody of the child, the child would be placed in the mother's physical care, and the father would have visitation. The parties did not agree as to health insurance and child support, so the court resolved those disputes following a trial.

As to health insurance, the court ordered the father to cover the child on his employer-sponsored plan. As to child support, the court calculated the amount the father would owe by applying the child-support guidelines but determined that deviating from that amount was equitable. The court noted that the mother did not have a driver's license and did not share transportation duties. Finding this inequitable to the father, the court calculated the cost to the father of driving between Chicago and Clinton for visitation each month and deducted that cost from the amount of child support generated by applying the child-support guidelines to arrive at a final monthly child support figure.

The mother appeals. She contends the district court erred by (1) ordering the father to provide health-care coverage for the child rather than allowing the child to be covered by Medicaid; and (2) deviating from the child-support-guideline amount of support by the cost of visitation

transportation. The father asks us to affirm the district court and to order the mother to pay his appellate attorney fees.

## I.  Standard of Review

This case was tried in equity, so our review is de novo. Iowa R. App. P. 6.907; *In re Marriage of Beecher*, 582 N.W.2d 510, 512 (Iowa 1998). In our review, we examine the whole record and adjudicate rights anew. *Beecher*, 582 N.W.2d at 512–13. "We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them." *Id.* at 513.

## II.  Insurance Coverage

The mother challenges the district court's decision to order the father to cover the child under the health benefit plan available through the father's employer rather than permitting the child to remain covered by Medicaid. In general, the district court is required to order a parent to provide health care coverage "if a health benefit plan other than public coverage is available to [the] parent." Iowa Code § 252E.1A(3) (2023). But to be considered available, a health benefit plan must be accessible and have a reasonable cost. *Id.* Here, neither party disputes that the cost of the health benefit plan available through the father's employer is reasonable. The dispute is whether it is accessible.

A plan is accessible if it "does not have service area limitations or provides an option not subject to service area limitations" or "has service area limitations and the dependent lives within thirty miles or thirty minutes of a network primary care provider." *Id.* at § 252E.1(1). The mother contends the court erred in ordering the father to cover the child on his plan because there is no evidence the plan was "accessible" as the statute defines

that term.  *See id.*  The concern is that because the child and father live in different states, the father's plan may have service area limitations such that there would be no network primary care provider available for the child within thirty miles or thirty minutes of her home in Iowa.

Following our de novo review, we do not see any persuasive evidence that the father's insurance meets the statutory definition of accessible. Although the father testified the child would be covered and could go "to her current doctor," further questioning revealed that he did not know whether the plan had service area limitations or whether the child lives within thirty minutes or thirty miles of a network primary care provider.  And the documentary evidence in the record shows the prices for different plans but does not detail service area limits or coverage in the Clinton area.  Given this lack of evidence, we conclude the father failed to establish that the health benefit plan for the child offered through his employer meets the statutory definitions of accessible and available.  *See Patino v. Sanchez*, No. 24-0506, 2024 WL 4370737, at *2–3 (Iowa Ct. App. Oct. 2, 2024) (finding a father's plan was not available because he failed to provide an adequate record for appeal, leaving the court with no record evidence showing the plan met the accessibility requirements).  Thus, on this record, the court erred in concluding that the plan was available and ordering the father to cover the child under his insurance.

## III.    Deviation from Child Support Guidelines

As noted, the district court set the father's child support obligation by deviating from the amount of support provided by the child support guidelines to account for the transportation costs associated with exercising visitation.  The mother challenges the deviation.

The child support guidelines are intended to provide for the best interests of the child given each parent's income. *Beecher*, 582 N.W.2d at 513. "The amount of support provided by the guidelines is presumed to be correct." *Id.* But it may be adjusted if "necessary to provide for the needs of the child and to do justice between the parties under the special circumstances of the case." *Id.*

Using the guidelines, the district court determined the amount of support due was $693.28. But it determined that amount should be adjusted downward because the court found it inequitable that the father was required to bear the entire cost and burden of transportation for visitation. He was required to bear that burden because the mother did not have a driver's license due to a prior collision causing a fatality; did not know whether she was eligible to get a license and could not pay any fees required to do so; and claimed her vehicle's unreliability and current husband's work schedule prevented her from assisting with transportation. Because the mother is unemployed and otherwise without income, the court concluded she did not have the means to reimburse the father for his extra transportation duties. So, the court deducted $168 from the guideline amount of child support to account for the mother's share of travel expenses, resulting in the court ordering the father to pay monthly child support of $525.28.[1] The mother claims this was error.

---

[1] The court found the father had to travel approximately eight hundred miles each month for visitation. The court also determined that the Internal Revenue Service rate for moving and medical expenses—which it determined to be $.21 per mile—to be the best rate to apply. Applying that rate to the eight hundred miles resulted in the court's calculation of a $168 reduction in child support each month, yielding a final figure of $525.28.

While we sympathize with the father's position and respect the court's desire to relieve the father from what it determined were inequitable visitation transportation obligations, the law does not support deviation from the child support guidelines to offset transportation costs. *See Beecher*, 582 N.W.2d at 514 (denying downward adjustment to child support based on the father bearing eighty percent of all visitation transportation costs). The court can split transportation costs between the parties, but no relevant authority allows the court to allocate such costs by reducing the amount of support due. *See, e.g.*, *In re Marriage of Fix*, No. 13–1134, 2014 WL 2344240, at *2 (Iowa Ct. App. May 29, 2014) (affirming the district court's decision to split transportation costs). Instead, just as the requirement to pay child support is independent of the right to reasonable visitation, issues related to transportation expenses for visitation are separate from the child support obligation. *See Farrell v. Iowa Dist. Ct.*, 747 N.W.2d 789, 791 (Iowa Ct. App. 2008) ("Issues of child support and custody or visitation are independent."); *In re Marriage of Disney*, No. 98-1915, 2000 WL 278543, at *2–3 (Iowa Ct. App. Mar. 15, 2000) (analyzing child support and visitation transportation obligations independently). Additionally, as the mother points out, if the father is ever unwilling or unable to exercise his visitation rights, he would receive a windfall from the court's adjustment.

Given the presumption in favor of the amount established by the guidelines and our case law rejecting adjustments based on visitation transportation costs, we conclude the father's transportation burden does not justify adjusting the child support amount established by the guidelines. *See Beecher*, 582 N.W.2d at 513–14. The district court erred in ruling otherwise.

## IV.  Appellate Attorney Fees

The father requests appellate attorney fees.  Appellate attorney fees are available only to the prevailing party.  *See* Iowa Code § 600B.26.  As the father did not prevail, we deny his request for appellate attorney fees.  *See Meek v. Brown*, No. 21-1001, 2022 WL 3423065, at *3 (Iowa Ct. App. Aug. 17, 2022).

## V.  Conclusion

The district court erred when it concluded that the health benefit plan for the child available through the father's employment met the statutory requirements of accessibility and availability and by reducing the father's child support obligation based on the father's visitation transportation costs.  Therefore, we reverse the district court's ruling on those points.

We remand with two directions.  First, the district court shall determine and establish the father's cash medical support obligation based on the court's findings of the parties' incomes, which the parties do not dispute.  *See* Iowa Code § 252E.1A(5) (requiring the noncustodial parent to pay cash medical support when there is no available health plan and the custodial parent has public coverage for the child).  Second, the district court shall issue a corrected order requiring the father to pay monthly child support in the amount of $735.43.[2]

**REVERSED AND REMANDED WITH DIRECTIONS.**

---

[2] The court originally calculated child support at $693.28 before it adjusted for visitation transportation costs.  That figure included a deduction of $42.15 for the cost of health insurance.  Based on our decision on the health-insurance issue, the father is not entitled to that deduction.  Removing it results in a child support obligation of $735.43.